IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CRAIG S. ELLIS, TDCJ No. 1583774, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | EP-10-CV-260-FM | |
| § | | |
| CLIFTON H. SEAMAN, Law Librarian, § | | |
| DANIEL RIOS, Warden, and THE § | | |
| TEXAS DEP'T OF CRIMINAL § | | |
| JUSTICE SANCHEZ UNIT, § | | |
|     Defendants. § | | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Craig S. Ellis ("Ellis"), a former state prisoner at the Texas Department of Criminal Justice's Sanchez Unit ("Sanchez Unit") in El Paso, Texas, proceeding *pro se* and *in forma pauperis*, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. He claims Defendant Clifton H. Seaman ("Seaman"), the Law Librarian at the Sanchez Unit, denied him access to the courts and retaliated against him for filing grievances. Further, he alleges Defendant Daniel Rios ("Rios"), the Warden at the Sanchez Unit, improperly denied his grievances. Finally, he asserts the Sanchez Unit failed to respond to his requests for assistance.

Currently before the Court for consideration are Ellis's original complaint [ECF No. 4], Seaman and Rios's answer [ECF No. 13], the Sanchez Unit's motion to dismiss [ECF No. 14], Ellis's motion to amend his complaint [ECF No. 16], and Ellis's motion for the Defendants to produce his grievance records [ECF No. 17]. Also before the Court is the report and recommendation of the United States Magistrate Judge to whom this matter was referred [ECF No. 22].[1] In his report, the Magistrate Judge recommends that the Court grant the Sanchez Unit's

---

[1] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

motion to dismiss, dismiss this action against all the Defendants, and deny all pending motions. The Magistrate Judge reasons Ellis "has not identified any specific prejudice to any pending or contemplated challenges to his confinement or conditions of confinement . . . [and] is unable to demonstrate a constitutional violation based on a denial of law library access."[2] Further, he explains Ellis's "conclusory allegations are not enough" to state a cognizable retaliation claim.[3] The Magistrate Judge also notes "there is no constitutional right to an effective grievance process [and] the defendants' alleged disregard for these [grievance] procedures, or their mishandling of grievance documents, creates no actionable § 1983 claim."[4] The Magistrate Judge adds Ellis's "claims for damages against the . . . Sanchez Unit, and against . . . Seaman and Rios in their official capacities are barred by the Eleventh Amendment and should be dismissed."[5] Finally, the Magistrate Judge explains Seaman and Rios are entitled to qualified immunity in their individual capacities since Ellis cannot establish a constitutional violation.[6]

The Magistrate Judge gave Ellis fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[7] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which

---

[2] Report & Recommendation 4 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

[3] *Id.* at 6 (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)).

[4] *Id.* at 5 (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)).

[5] *Id.* at 6 (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Hughes v. Savell*, 902 F.2d 376 (5th Cir. 1990)).

[6] *Id.* at 7 (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

[7] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

the party objects.[8] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[9] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[10] To date, Ellis has not responded to the report.[11]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[12] Therefore, the Court enters the following orders:

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 22].

2. The Court **GRANTS** Defendant Sanchez Unit's motion to dismiss [ECF No. 14].

3. The Court **DISMISSES WITH PREJUDICE** Plaintiff Craig S. Ellis's complaint [ECF No. 4] for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[8] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[9] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[10] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[11] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[12] *Wilson*, 864 F.2d at 1221.

4. The Court **DENIES** all pending motions as moot.

5. The Court **ADVISES** Plaintiff Craig S. Ellis that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[13] Accordingly, the District Clerk is **DIRECTED** to e-mail a copy of this Order to the Office of the General Counsel for the Texas Department of Criminal Justice and to the Pro Se Clerk for the United States District Court for the Eastern District of Texas. *Should Plaintiff Ellis accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[14]

SIGNED on this _____23_____ day of June, 2011.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[13] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[14] *See id.*